UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYARD DEVELL DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-2054 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

The complaint alleges that defendants San Joaquin General Hospital, Diagnostic Radiological Imaging, Lynch, Ma, California Correctional Health Care Services (CCHCS), and Does 1-100 violated plaintiff's rights under the Eighth and Fourteenth Amendments and state tort law. ECF No. 1. The allegations arise out of treatment plaintiff received after swallowing several foreign objects while suicidal. Id. at 5-24.

Plaintiff alleges that on June 24, 2021, while at California State Prison (CSP)-Sacramento, he swallowed a 3 cm wire, 2 metal fragments, and a piece of glass. Id. at 5, 18. An x-ray revealed the wire was lodged in plaintiff's throat and he was taken to the emergency room at San Joaquin General Hospital where he had to wait for hours in the triage area. Id. Plaintiff had to stay at the hospital overnight and was seen by a doctor the following day and asked if it felt like the foreign body was still in his throat. Id. Plaintiff responded that it felt like it was in his stomach and then asked why he was not seen sooner. Id. at 5-6, 18. The doctor responded, "Because of what you are you're not priority." Id. at 6, 18. Plaintiff was later taken to surgery and was told that the wire had been removed. Id. at 6, 19.

After returning to CSP-Sacramento, plaintiff began experiencing abdominal pain and an x-ray was taken on July 8, 2021, that showed a 3 cm, wire-like foreign body in plaintiff's lower right pelvis. Id. Plaintiff believes that the scans and x-rays taken at San Joaquin General Hospital

3

will confirm that the wire was still in his body when he was discharged and that they deliberately attempted to cover up their negligence. Id. at 7. Plaintiff further alleges that Lynch[1] and CSP-Sacramento medical staff also attempted to cover up the hospital's negligence. Id. at 8.

On July 27, 2021, plaintiff was transferred to California Medical Facility (CMF) for psychiatric reasons. Id. While there, he continued to complain of stomach pain and while x-rays were ordered, they were never taken. Id. Plaintiff was returned to CSP-Sacramento on October 2, 2021, and an x-ray ordered a week later once again showed the wire lodged in his pelvis. Id. at 8, 21. A fecal immunochemical test taken the following month revealed blood in plaintiff's stool. Id. at 11. After plaintiff filed multiple grievances to have the wire removed, defendant Ma made false statements that the wire had been there since 2017 and then attempted to convince plaintiff that there was no foreign body in his pelvis. Id. at 8-9, 21. Ma eventually ordered a CT scan that was taken at Diagnostic Radiological Imaging on January 12, 2022. Id. at 9, 21. The report from the scan, which plaintiff claims was fabricated, stated that there was no foreign body. Id. 9, 16, 21-22. Because of the documentation from Ma that there was no foreign body, mental health staff accused plaintiff of lying and exaggerating and labeled him as a manipulator. Id. at 12.

Plaintiff continued to experience stomach pain and on March 9, 2022, he swallowed two rectangular pieces of metal. Id. at 9, 20, 22. When x-rays were taken, plaintiff was shown the screen and saw that the wire was still lodged in his pelvis and he was cleared of manipulation charges and no longer deemed delusional. Id. at 9, 12, 20, 22. Additional scans and x-rays taken after that date continued to show the wire lodged in plaintiff's pelvis. Id. at 10, 12-13, 17, 20, 22. Plaintiff filed a grievance to get the wire removed but did not get a response. Id. at 24.

IV.   Claims for Which a Response Will Be Required

Plaintiff's allegations that Ma attempted to cover up the fact that the wire was still lodged in plaintiff's pelvis and convince him there was no wire, despite the x-ray showing otherwise, is sufficient to state a claim for deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted) (deliberate indifference shown by a purposeful act or failure to

---

[1] Plaintiff refers to the CSP-Sacramento warden, which is the position he identifies Lynch as holding. ECF No. 1 at 3, 8.

respond to plaintiff's pain or medical need and harm cause by indifference).

V.     Failure to State a Claim

A.   Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Prisoners are not a protected class. Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998) (inmates denied tobacco use based on housing location not a protected class). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

Plaintiff's allegation that a doctor told him "because of what you are you're not a priority" is not sufficient to support an equal protection claim. Plaintiff states that he does not know if the doctor was referring to his status as a prisoner or to his race, and there are no facts to support that the statement was made based on plaintiff's race. Furthermore, even assuming that the doctor's statement was a reference to plaintiff's race, there are no facts showing that the doctor who made the comment was the one responsible for the failure to treat plaintiff quickly or—as discussed below—that plaintiff's treatment was the result of the hospital's policy or practice.

B.   Grievances

Plaintiff fails to identify who was responsible for denying or failing to respond to his grievances and therefore fails to state a claim against any defendant on that basis. Moreover, to the extent plaintiff alleges that his due process rights were violated simply by the denial of his appeal, he fails to state a claim because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, the prison grievance

1    procedure does not confer any substantive constitutional rights upon inmates and actions in
2    reviewing and denying inmate appeals generally do not serve as a basis for liability under section
3    1983. Id.; George v. Smith, 507 F.3d 605, 609 (7th Cir.2007) ("Ruling against a prisoner on an
4    administrative complaint does not cause or contribute to the violation.").

5    However, because prison administrators cannot willfully turn a blind eye to constitutional
6    violations being committed by subordinates, an individual who denies an inmate appeal and who
7    had the authority and opportunity to prevent an ongoing constitutional violation could potentially
8    be subject to liability if the individual knew about an existing or impending violation and failed to
9    prevent it. Jett, 439 F.3d t 1098 (9th Cir.2006). Because plaintiff fails to allege any facts
10   regarding who was responsible for his appeals or what information was contained in the appeals,
11   he fails to sufficiently allege facts showing that any defendant knew about ongoing or impending
12   violations that they had the ability to prevent.

   C.  Defendant CCHCS

Plaintiff's claims against CCHCS are barred by sovereign immunity because CCHCS is an arm of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))).

   D.  Defendants San Joaquin General Hospital and Diagnostic Radiological Imaging

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691 (emphasis in original). The same holds true for claims against private entities acting under color of state law. Tsao v. Desert

6

1   Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012) (to state a claim against a private entity under
2   Monell a plaintiff must allege facts showing entity as acting under color of state law and violation
3   was caused by official policy or custom of entity).

4       Plaintiff fails to allege sufficient facts to show that any potential violation of his
5   constitutional rights by San Joaquin General Hospital or Diagnostic Radiological Imaging's
6   employees was the result of their policies or customs. Absent allegations demonstrating that
7   these entities' policies led to the respective violations of plaintiff's rights, they cannot be liable.

8       E.   Defendant Lynch

9       "Liability under § 1983 must be based on the personal involvement of the defendant,"
10   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d
11   164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil
12   rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)
13   (citations omitted). Furthermore, "[t]here is no respondeat superior liability under section 1983."
14   Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor may be liable
15   for the constitutional violations of his subordinates if he "knew of the violations and failed to act
16   to prevent them." Taylor, 880 F.2d at 1045. Finally, supervisory liability may also exist without
17   any personal participation if the official implemented "a policy so deficient that the policy itself is
18   a repudiation of the constitutional rights and is the moving force of the constitutional violation."
19   Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations
20   marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836-38 (1970).

21       Plaintiff makes only a vague assertion that Lynch tried to cover up the fact that the wire
22   had not been removed and does not allege any specific facts showing that Lynch was personally
23   involved in the violation of his rights or instituted a policy that caused the violation of his rights.
24   It appears that Lynch has been named as a defendant based solely on his position as warden,
25   which is insufficient to state a claim for relief.

26       To the extent plaintiff may be attempting to obtain injunctive relief from Lynch in his
27   official capacity, the claim also fails. The Ninth Circuit has held that
28   ////

> a corrections department secretary and prison warden were proper defendants in a § 1983 case because "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief."

Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014) (alteration in original) (quoting Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013)). To the extent plaintiff is seeking injunctive relief in the form of medical care, Lynch, as the warden, has no control over medical decisions. See Cal. Code Regs., tit. 15, §§ 3999.132(a) (limiting medical treatment to "facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants"), 3999.200(a) (limiting health care services to those that are medically necessary and subject to approval of licensed medical supervisors or medical committees), 3999.225(x)(2) (limiting review of health care appeals to authorized health care staff). Defendant Lynch's lack of control over medical decisions and the allocation of medical resources shows that he cannot "appropriately respond to injunctive relief" requests. Accordingly, Lynch is not a proper defendant from whom plaintiff can obtain the injunctive relief he seeks.

### F. Doe Defendants

Though the use of Doe defendants is generally not favored, Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted), amendment is allowed to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). In this case, the complaint fails to identify the actions of any Doe defendants, and there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation, Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Because plaintiff could amend the complaint to add additional facts that would state a claim against these defendants, he will be given an opportunity to amend the complaint if he desires. Plaintiff is advised that should he choose to amend the complaint, allegations against Doe defendants should identify each Doe

defendant separately (e.g., Doe 1, Doe 2, etc.) and explain what each of those individuals did to violate his rights.

### G. Official Capacity Claims

Plaintiff states that he is suing defendants in their individual and official capacities. ECF No. 1 at 1. However, claims for damages against state officials acting in their official capacity are barred by sovereign immunity because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and therefore "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted). Although plaintiff requests injunctive relief in the form of surgery to remove the wire, he does not specify which defendant would be able to provide the requested relief. Plaintiff therefore fails to state claims for relief against any defendant in their official capacity.

### H. State Law Claims

Plaintiff has failed to state claims for negligence because he has not alleged compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 900.6 (defining "State" as "the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller").

## VI. Leave to Amend

For the reasons set forth above, the court finds that plaintiff has stated a claim for deliberate indifference against defendant Ma in his individual capacity. He has not stated any other claims for relief against Ma or any other defendant. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendant Ma on his deliberate indifference claim or he may delay serving any defendant and amend the complaint.

////

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his deliberate indifference claim against defendant Ma without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims and defendants except for the deliberate indifference claim against Ma.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

VII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for deliberate indifference against defendant Ma in his individual capacity. You have not alleged enough facts to state any other claims against Ma or any claims against the other defendants. To state a claim against an individual, you must allege facts showing what that individual did that violated your rights. To state a claim against an entity, you must allege facts showing that your constitutional rights were violated and that the violation was the result of a policy or custom of the entity. To state a claim for injunctive relief against an individual in their official capacity you must identify the injunctive relief you want and the defendant who has the authority to grant the relief requested.

You have a choice to make. You may either (1) proceed immediately on your deliberate indifference claim against Ma and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims and defendants except for your deliberate indifference claim against defendant Ma. If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

appropriate agency filed concurrently herewith.

3.  Plaintiff has stated a claim for deliberate indifference against defendant Ma in his individual capacity.  The complaint does not state any other claims for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on his deliberate indifference claim against defendant Ma in his individual capacity as set forth in Section IV above, or to amend the complaint.

5.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims and defendants except for the deliberate indifference claim against defendant Ma in his individual capacity.

DATED: October 25, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYARD DEVELL DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-2054 AC P<br><br><br>NOTICE OF ELECTION |

　　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his deliberate indifference claim against defendant Ma in his individual capacity without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims and defendants pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Bayard Devell Davis
　　　　　　　　　　　　　　　　　　Plaintiff pro se

1