UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAYARD DEVELL DAVIS, | No. 2:22-cv-2054 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff has requested a blank subpoena form and the appointment of counsel. ECF Nos. 30, 31.

With respect to plaintiff's request for a blank subpoena form, Federal Rule of Civil Procedure 45(a)(3) requires that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." Therefore, plaintiff's request will be granted, and the Clerk of the Court will be directed to send plaintiff a blank subpoena form. However, plaintiff is cautioned that if, after completing the forms, he seeks assistance in serving the subpoenas, he must make a showing that such assistance is warranted. In order for the court to consider ordering the United States Marshals to serve a subpoena duces tecum on a non-party, plaintiff must submit to the court a completed federal subpoena form that describes the items to be produced with reasonable particularity and designate a reasonable time, place, and manner for production. Plaintiff must also show that he cannot receive the documents he seeks by way of

discovery requests to defendant.  Failure to meet these requirements will result in denial of the motion.  Plaintiff is further advised that even though he is proceeding in forma pauperis, should the court order service of his subpoena, he may be required to pay any costs associated with complying with the subpoena in order to avoid imposing an undue burden upon a non-party.

Plaintiff has also requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is indigent, the issues are complex, he has limited legal knowledge and limited access to the law library, and he will require an expert witness.  ECF No. 31.  The circumstances identified by plaintiff are common to most prisoners and plaintiff has thus far shown himself capable of articulating his claims without assistance.  Furthermore, plaintiff has not demonstrated the need for expert testimony at this stage of the case.  For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for a subpoena form (ECF No. 30) is GRANTED.  The Clerk of the Court is directed to provide plaintiff a signed but otherwise blank subpoena duces tecum form with this order.  See Fed. R. Civ. P. 45(a)(3).

2. Plaintiff's request for the appointment of counsel (ECF No. 31) is DENIED.

DATED: July 16, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE